Mark Williams, Esq.
LAW OFFICES OF MARK E. WILLIAMS
Suite 100, First Floor
T. S. Tanaka Bldg., Rt. 4
Hagatna, Guam 96910
Telephone: 472-6298
Facsimile: 472-6297
Attorney for Plaintiff
KRISTINA M. MALMQUIST



FILED
DISTRICT COURT OF GUAM
JUL 1 6 2002
MARY L. M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT

## OF GUAM

| | |
|---|---|
| KRISTINA M. MALMQUIST,<br><br>        Plaintiff,<br>vs.<br><br>GOLD COAST AVIATION INTERNATIONAL, INC.;<br>DOES 1 THROUGH 10, INCLUSIVE;<br><br>        Defendants | CIVIL CASE NO. 02-00019<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF TITLE VII [42 U.S.C. §2000e];<br>NEGLIGENCE;<br><br>DEMAND FOR JURY TRIAL. |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 and is brought in response to unlawful employment practices on the basis of sex discrimination. Plaintiff KRISTINA M. MALMQUIST was constructively and unlawfully terminated from her position of employment with Defendant GOLD COAST AVIATION INTERNATIONAL, INC. due to sexual harassment and discrimination based on sex.

## JURISDICTION


ORIGINAL

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 2000e-5.

2.  Within 180 days after the alleged unlawful employment practice hereinafter set forth, the Plaintiff filed a charge of sexual harassment and sex discrimination with the Equal Employment Opportunity Commission satisfying the requirements of 42 USC § 2000e-5, and on or after April 16, 2002, less than 90 days prior to the filing of this Complaint, the Plaintiff received a Notice of Right to Sue from the Commission with respect to Plaintiff's charges as set forth below.

## PARTIES

3.  Plaintiff KRISTINA M. MALMQUIST at all times relevant herein was and is a resident of Guam and a female employee of the Defendant GOLD COAST AVIATION INTERNATIONAL INC.

4.  At all times material herein, Defendant GOLD COAST AVIATION INTERNATIONAL, INC. (hereafter "GCA") conduct, operate or own places of business on Guam within this judicial district. Furthermore, and at all relevant times, this Defendant is and has been a covered entity under 42 USC 2000e(b), (c) or (d).

5.  Defendants Does 1 through 10 were at all times relevant herein contractors, suppliers, lessors, lessees, representing partners, joint venturers, insurers, employees or agents of Defendant GCA. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will pray leave of this court to amend this complaint to allege the true names and capacities when ascertained.

6. At all times mentioned herein, Defendant GCA engaged in an industry affecting commerce and regularly employed in excess of fifteen (15) employees and at all relevant times, any such relevant GCA employees were acting within the course and scope of their employment, and as such, Defendant GCA is fully liable for all the acts of it's employees under the doctrine of Respondeat Superior.

7. Plaintiff is informed and believes and thereupon alleges, that each of said Defendants, including the Doe Defendants, and their employees are jointly and severally liable as the principal, officer, agent, master, servant, employer, employee and partner of each of the other Defendants and was in doing the acts complained of herein, acting within the scope of his, her or its said agency, employment or partnership.

8. At all times material herein, 42 U.S.C. §2000e et. seq. has been fully in force and effect and binding upon Defendant GCA. Such section requires Defendant GCA to refrain from unlawful employment practices in violation of the civil rights of any of its employees.

## BACKGROUND

9. Prior to her constructive termination, Plaintiff KRISTINA M. MALMQUIST had been employed by Defendant GCA since January of 2000, as a Customer Service Agent, and was an employee within the meaning of 42 U.S.C. §2000e(f).

10. From the time of her hiring, Plaintiff has experienced continuous sexual harassment, uninvited, unwelcome and unpermitted touching and lude and obscene

sexual remarks and actions from Defendant GCA's employee, Christopher Farr, (hereafter "Mr. Farr"), who is also Plaintiff's immediate supervisor.

11.   Throughout Plaintiff's employment, Mr. Farr, practiced specific acts constituting sexual harassment in the workplace including, but not limited to the following: repeatedly making degrading comments of a sexual nature to and about Plaintiff in an offensive manner, to wit: inquiring of Plaintiff about the color of her undergarments, requesting that Plaintiff divorce her husband so that he and Plaintiff could make love, and suggestions that Plaintiff go to work as a stripper so that Mr. Farr could go and watch; touching Plaintiff in an unwelcome fashion, to wit: placing by Mr. Farr of his hands on Plaintiff's body and various private locations between the knees and shoulders, and grabbing of Plaintiff's hair after being told to stop.

12.   Plaintiff further alleges that these statements along with the offensive and unwelcome touching and sexual comments constituted unlawful sexual harassment and rendered Plaintiff's employment environment with Defendant GCA hostile.

13.   Plaintiff alleges that the conduct of Mr. Farr as described in the complaint would have been offensive to any woman. Plaintiff did not consent to such conduct and found it unwelcome and offensive. Mr. Farr's conduct rendered Plaintiff's employment intolerable, and no reasonable person could have tolerated such.

14.   When Plaintiff told Mr. Farr that she was going to file a harassment complaint, Mr. Farr stated that he would "just fire" Plaintiff, and say that Plaintiff filed the complaint only "because she was upset".

15.   At various times during her employment, including times during the months of May and June of 2000, Plaintiff complained of the harassment to Defendant

GCA's President, Mr. William Tresky. However, none of Defendant GCA's managerial employees took any action to cease the harassment or address Plaintiff's complaints.

16. After Plaintiff's complaint to Defendant GCA management, the harassment continued, which included but was not limited to, an incident on or about June 23, 2000, when Mr. Farr grabbed Plaintiff around the neck with his hands and, while squeezing very hard, told Plaintiff to take off all of her clothes.

17. Mr. Farr's conduct s described in this complaint was malicious and was intended to oppress, humiliate and denigrate Plaintiff and was totally without justification. Plaintiff further alleges that the conduct of Mr. Farr in insulting, embarrassing and sexually harassing Plaintiff was taken in the course and scope of employment with Defendant GCA and was made while Mr. Farr was on duty, was only possible during Mr. Farr's official status as Plaintiff's superior, was related to his performance of his duties and was done in his capacity as a member of Defendant GCA's employed personnel, and interfered with Plaintiff's ability to perform her duties.

18. Plaintiff alleges that Defendant GCA was aware or should have been aware of such conduct by Mr. Farr, and by its failure to prevent or correct the sex discrimination and sexual harassment of Plaintiff by its agent and employee as alleged above, Defendant GCA acted to condone and ratify such conduct with knowledge that such ratification would thus interfere with Plaintiff's employment and ability to continue her career with Defendant GCA.

19. During all relevant times, despite the fact that GCA management personnel were very much made aware of the Plaintiff's plight in her workplace and the need for assistance and disciplinary action, they continued to ignore her complaints,

failed to adequately supervise the workplace, or to train employees to prevent such sexual harassment and sex discrimination in the workplace.

## FIRST CAUSE OF ACTION FOR VIOLATION OF TITLE VII SEX DISCRIMINATION AGAINST DEFENDANT GCA

20. Plaintiff repeats and realleges each and every previous paragraph of his Complaint as though fully set forth here at length.

21. Plaintiff was subjected to the harassment described above because of her sex.

22. As described above, Defendant GCA acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

23. The result of Defendant GCA's actions described above has been the constructive termination of Plaintiff and the deprivation of Plaintiff KRISTINA M. MALMQUIST's civil rights of equal employment opportunity.

24. Furthermore, as a proximate result of the Defendant GCA's wrongful and unlawful conduct as alleged in this complaint, Plaintiff has lost substantial employment benefits with Defendant GCA, including lost wages, leave and health benefits, and other losses, the precise amount of which will be proven at the time of trial, along with defense costs of this action, other pecuniary losses, past, present and future mental and emotional distress, anguish and inconvenience.

## SECOND CAUSE OF ACTION FOR NEGLIGENCE

25. Plaintiff repeats and realleges each and every previous paragraph of his Complaint as though fully set forth here at length.

26. At all times relevant herein, Defendant GCA had a duty to supervise and control the conduct and actions of its employees and ensure that the rights of employees with regards to sexual harassment were not violated.

27. Defendant GCA and it's employees were negligent in their supervision and in the aforementioned conduct towards Plaintiff.

28. As a proximate result of the Defendant GCA's negligence, Plaintiff has suffered and continues to suffer from loss of substantial employment benefits with Defendant GCA, including lost wages, leave and health benefits, and other losses, the precise amount of which will be proven at the time of trial, along with defense costs of this action, other pecuniary losses, past, present and future mental and emotional distress, anguish and inconvenience.

## PRAYER

The conduct of Defendant GCA as described in this complaint was oppressive and malicious, thus entitling Plaintiff to an award of punitive damages in an amount appropriate to punish and make an example of Defendant GCA.

WHEREFORE, Plaintiff prays for relief against the Defendant GCA as follows:

1. In all Counts for General and Special Damages in an amount to be proven at trial;

2. For costs of suit, attorney fees, and pre-judgment interest on all amounts claimed as provided for in 42 U.S.C. § 2000e-5(k); and

3. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a Jury Trial on all issues so Triable Pursuant to Fed. R. Civ. Proc. 38(b).

Respectfully Submitted,

Dated: July 8, 2002.

LAW OFFICES OF MARK E. WILLIAMS

BY: _____
MARK WILLIAMS, Esq.
Attorneys for Plaintiff
KRISTINA M. MALMQUIST

# United States District Court

_____ DISTRICT OF _____
GUAM

KRISTINA M. MALMQUIST

      Plaintiff,

           V.

GOLD COAST AVIATION INTERNATIONAL, INC.
DOES 1 THROUGH 10, INCLUSIVE

      Defendants.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **02-00019**

ACKNOWLEDGED RECEIPT

By: _____
Date: 7-16-02

TO: (Name and address of defendant)

GOLD COAST AVIATION INTERNATIONAL, INC.

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

First Floor, Suite 100
T.S. Tanaka Bldg., Rt. 4
Hagatna, Guam  96910
Tel. (671)477-6298
Facsimile (671) 477-6297

an answer to the complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**Mary L. M. Moran**
CLERK

/s/ Leilani R. Toves Hernandez
(BY) DEPUTY CLERK

JUL 16 2002
DATE

**COPY**