THEODORE S. CHRISTOPHER
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933

Attorneys for Defendant Gold Coast Aviation International, Inc.



FILED
DISTRICT COURT OF GUAM
SEP 03 2002
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT

OF GUAM

| | |
|---|---|
| KRISTINA M. MALMQUIST, | ) CIVIL CASE NO.02-00019 |
| Plaintiff, | ) **ANSWER** |
| GOLD COAST AVIATION INTERNATIONAL, INC.; DOES 1 THROUGH 10, INCLUSIVE, | ) |
| Defendants. | ) |

Defendant Gold Coast Aviation International, Inc. answers plaintiff Kristina M. Malmquist's complaint in this matter as follows:

1. In response to the allegations in the Nature of the Action, defendant denies that this action is brought in response to unlawful employment practices on the basis of sex discrimination and denies that plaintiff was constructively or unlawfully terminated from her position of employment with defendant due to sexual harassment or discrimination based on sex.

2. Defendant admits the allegations in paragraphs 1 and 4 of the complaint.

3. In response to the allegations in paragraph 2 of the complaint, defendant is without knowledge or information sufficient to form a belief as to whether plaintiff filed a charge of sexual harassment and sex discrimination within 180 days after the alleged unlawful employment practice and whether plaintiff received a Notice of Right to Sue less than 90 days prior to the filing of the complaint, and defendant denies the allegations on that basis.

4. In response to the allegations in paragraph 3 of the complaint, defendant denies that plaintiff was a resident of Guam and a female employee of defendant at all times relevant herein and denies that she is a resident of Guam and a female employee of defendant.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the complaint, and denies them on that basis.

6. In response to the allegations in paragraph 6 of the complaint, defendant denies that at the relevant times the relevant GCA employees were acting within the course or scope of their employment and denies that defendant is liable for the alleged acts of its employees under the doctrine of respondent superior.

7. Defendant denies the allegations in paragraphs 7, 15, 18, 19, 22, 23, 24, 27 and 28 and in the prayer of the complaint.

8. Defendant denies the allegations in paragraph 8 of the complaint for the reason that plaintiff misstates the requirements of 42 U.S.C. §§ 2000e et seq., and defendant affirmatively alleges that it has fully complied with 42 U.S.C. §§ 2000e et seq.

9. In response to the allegations in paragraph 9 of the complaint, defendant denies that there was a constructive termination and denies that plaintiff was employed as a customer service agent.

10. Defendant denies the allegations in paragraphs 10, 11, 12, 13, 14, 16 and 21 of the complaint on information and belief.

11. In response to the allegations in paragraph 17 of the complaint, defendant denies the allegations in the first sentence of that paragraph on information and belief and denies the allegations in the second sentence of that paragraph.

12. Defendant denies the allegations in paragraph 26 of the complaint for the reason that plaintiff misstates defendant's duty, and defendant affirmatively alleges that it has fully complied with all of its duties.

13. In response to paragraphs 20 and 25 of the complaint, defendant realleges paragraphs 1 through 12 herein.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief can be granted.

2. Defendant has fully complied with the law.

3. Plaintiff's complaint is barred by fraud, by the statute of limitations, by the nonjoinder of Christopher Farr, and by plaintiff's failure to mitigate damages.

4. Any illegal acts of Christopher Farr were outside the course and scope of his employment.

Wherefore, defendant prays that the court dismiss plaintiff's complaint and that she take nothing therefrom, and that the court award defendant costs, attorneys' fees and interest and such other relief to which it is entitled.

Respectfully submitted this 3rd day of September 2002.

LAW OFFICE OF ANTONIO L. CORTÉS
Attorneys for Defendant
Gold Coast Aviation International, Inc.

By: _____
THEODORE S. CHRISTOPHER