THEODORE S. CHRISTOPHER
Law Office of Antonio L. Cortés
233 Julale Center
424 West O'Brien Drive
P.O. Box BV
Hagåtña, Guam 96932
Telephone No.: (671) 477-1930
Facsimile No.: (671) 477-1933

Attorneys for Defendant Gold Coast Aviation International, Inc.

FILED
DISTRICT COURT OF GUAM
SEP 11 2002
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT

OF GUAM

| | |
|---|---|
| KRISTINA M. MALMQUIST, ) | CIVIL CASE NO.02-00019 |
| Plaintiff, ) | **THIRD-PARTY COMPLAINT** |
| v. ) | |
| GOLD COAST AVIATION INTERNATIONAL, INC., ) | |
| Defendant/ Third-Party Plaintiff, ) | |
| v. ) | |
| CHRISTOPHER B. FARR, ) | |
| Third-Party Defendant. ) | |

Defendant/Third-Party Plaintiff Gold Coast Aviation International, Inc. (hereinafter "GCA") alleges as follows:

    1.    This court has jurisdiction in this matter pursuant to 28 U.S.C. § 1367.

**ORIGINAL**

2. Plaintiff Kristina M. Malmquist (hereinafter "Plaintiff") has filed a complaint against GCA alleging that she suffered certain damages since in or about January 2000. A copy of this complaint is attached hereto as Exhibit A and incorporated herein by reference as if set forth fully.

3. GCA has answered this complaint denying that it is liable for the Plaintiff's alleged damages. A copy of this answer is attached hereto as Exhibit B and incorporated herein by reference as if set forth fully.

4. Plaintiff's complaint alleges that Third-Party Defendant Christopher B. Farr (hereinafter "Mr. Farr") committed sexual harassment and other acts and omissions against her during Mr. Farr's employment with GCA.

5. As an employee of GCA, Mr. Farr owed GCA the duty of exercising a reasonable degree of care, skill and judgment in the performance and discharge of his duties.

6. Mr. Farr's alleged acts and omissions as set forth in Plaintiff's complaint, if true, would have breached Mr. Farr's above-mentioned duty to GCA.

7. If Plaintiff suffered damages as alleged in her complaint, then the alleged damages were directly and proximately caused by alleged acts and omissions of Mr. Farr which constituted a breach of his duty to GCA.

8. If GCA is found liable to Plaintiff, then GCA will be entitled to recovery against Mr. Farr in the amount of any judgment entered against GCA.

9. Mr. Farr's employment with GCA terminated in or about March 2001.

10. At the time of the termination of his employment with GCA, Mr. Farr was in possession of personnel records, including but not limited to, employment applications, pay and discipline records, letters, hard-drives, and other documents, which related to Plaintiff and to other employees of GCA, and which belong to GCA and to which GCA has the right to immediate possession.

11. GCA's above-mentioned property has value in an amount to be determined at trial and also contains evidence which is relevant to Plaintiff's action against GCA.

12. GCA demanded the return of the above-mentioned property at the time of the termination of Mr. Farr's employment, but Mr. Farr has refused to return the property.

13. Mr. Farr's acts and omissions have caused damages to GCA in an amount to be determined at trial.

14. Mr. Farr's acts and omissions have been oppressive, fraudulent, and malicious.

## Count I
### Recovery of Judgment

15. GCA re-alleges paragraphs 1 through 14 herein as is set forth fully.

16. Mr. Farr's acts and omissions entitle GCA to recover from Mr. Farr the amount of any judgment entered against GCA.

//

## Count II
## Conversion

17. GCA re-alleges paragraphs 1 through 16 herein as is set forth fully.

18. Mr. Farr's acts and omissions entitle GCA to recovery of damages for conversion in an amount to be determined at trial.

## Count III
## Replevin

19. GCA re-alleges paragraphs 1 through 18 herein as is set forth fully.

20. Mr. Farr's acts and omissions entitle GCA to recovery of the personnel records and its other property.

## Count IV
## Punitive Damages

21. GCA re-alleges paragraphs 1 through 20 herein as is set forth fully.

22. Mr. Farr's acts and omissions entitle GCA to an award of punitive and exemplary damages.

Wherefore, GCA seeks judgment against Third-Party Defendant Christopher B. Farr as follows:

1. For the amount of any judgment entered against GCA.

2. For damages for conversion in an amount to be determined at trial.

3. For recovery of the personnel records and other property.

4. For punitive and exemplary damages in an amount to be determined at trial.

5. For costs of this action and all other relief to which GCA is entitled.

Respectfully submitted this 11 day of September 2002.

LAW OFFICE OF ANTONIO L. CORTÉS
Attorneys for Defendant
Gold Coast Aviation International, Inc.

By: _____
THEODORE S. CHRISTOPHER