(CCC)

HOWARD TRAPP INCORPORATED
200 Saylor Building
139 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone 477-7000

Attorney for third-party defendant

FILED
DISTRICT COURT OF GUAM
OCT 0 9 2002
MARY L. M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

| | |
|---|---|
| KRISTINA M. MALMQUIST, | Civil Case No. 02-00019 |
| Plaintiff, | MOTION FOR MORE DEFINITE STATEMENT |
| v. | |
| GOLD COAST AVIATION INTERNATIONAL, INC., | |
| Defendant and Third-party Plaintiff, | |
| v. | |
| CHRISTOPHER B. FARR, | |
| Third-party Defendant. | |

Third-party defendant respectively moves the Court for an order directing plaintiff to furnish a more definite statement of the grounds upon which the Court's jurisdiction depends.

Plaintiff's statement of the grounds upon which the Court's jurisdiction depends is so vague and ambiguous that third-party defendant cannot reasonably be required to frame a responsive pleading. Paragraph 2 of the complaint states that "on or after April 16, 2002, less than 90 days prior to the filing of this Complaint, the Plaintiff received a Notice of Right to Sue

ORIGINAL

(MOTION FOR MORE DEFINITE STATEMENT)
Civil Case No. 02-00019

from the [Equal Employment Opportunity] Commission with respect to Plaintiff's charges." But was the notice of right to sue received "on" April 16, 2002, or was it received "after" April 16, 2002? Plaintiff fails to say. "After" April 16, 2002, is 90 days or less than 90 days prior to the filing of the complaint. "On" April 16, 2002, is more than 90 days prior to the filing of the complaint. The complaint was filed on July 16, 2002. The number of days from April 16, 2002, to July 16, 2002, is 91.

If the complaint was filed 91 days after plaintiff received the notice of right to sue, this action is time-barred, and third-party defendant would be entitled to a summary judgment. Because of this, the Court should require plaintiff to furnish a more definite statement of the grounds upon which the Court's jurisdiction depends, setting forth with particularity the date on which plaintiff received the notice of right to sue.

Dated, Hagåtña, Guam,

October 9, 2002.

_____
HOWARD TRAPP
For HOWARD TRAPP INCORPORATED
Attorney for third-party defendant

2

# DECLARATION OF SERVICE

I, Charlene C. Cruz, declare that I am a secretary employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for Third-party defendant herein, and that on October 9, 2002, I served the document to which this declaration is annexed on the Law Offices of Mark E. Williams, Mark E. Williams, Esq., the attorney for plaintiff in this action, by leaving a copy thereof at his office at First Floor, Suite 100, T.S. Tanaka Building, Hagåtña, Guam, the last known address of the Law Offices of Mark E. Williams, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 9, 2002, at Hagåtña, Guam.

_____
CHARLENE C. CRUZ

## DECLARATION OF SERVICE

I, Charlene C. Cruz, declare that I am a secretary employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for Third-party defendant herein, and that on October 9, 2002, I served the document to which this declaration is annexed on the Law Office of Antonio L. Cortes, Theodore S. Christopher, Esq., the attorneys for defendant and third-party plaintiff in this action, by leaving a copy thereof at their office at 233 Julale Center, 424 West O'Brien Drive, Hagåtña, Guam, the last known address of the Law Office of Antonio L. Cortes, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 9, 2002, at Hagåtña, Guam.

_____
CHARLENE C. CRUZ